MAYOR, ETC., OF CITY OF NEW YORK v. BANNAN et al.

(Supreme Court, Appellate Division, First Department.    June 30, 1899.)

CERTIORARI AGAINST MUNICIPAL OFFICERS—CITY'S RIGHT TO COSTS—REAL PARTY IN INTEREST.

> Consolidation act (Laws 1882, c. 410, § 56), providing that no officer paid a salary shall receive for his own use any costs paid to him in his official capacity, but that the same shall be the property of the city, makes the city the owner of costs in certiorari against the mayor, corporation counsel, and commissioner of public works, who are paid salaries by section 66, and which costs were due to them in their official capacity; and entitles the city to sue, as the real party in interest, under Code Civ. Proc. § 449, on an undertaking to pay the same, given to them on an appeal in such proceedings.

Appeal from special term, New York county.

Action by the mayor, aldermen, and commonalty of the city of New York against John J. Bannan and another.    From a judgment overruling a demurrer to the complaint, defendants appeal.    Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Roger Foster, for appellants.
Terence Farley, for respondents.

INGRAHAM, J.    The complaint was demurred to upon two grounds:  First, that there is a defect of parties plaintiff; and, second, that the complaint does not state facts sufficient to constitute a cause of action.    The action was brought upon an undertaking given upon an appeal to the court of appeals from an order of the general term of the supreme court dismissing a writ of certiorari.  The complaint alleges that one Higgins made an application for a writ of certiorari to review the proceedings of the mayor, corporation counsel, and the commissioner of public works of the city of New York removing him from the position of clerk of the "city record"; that such writ was dismissed by the general term of the supreme court, and that Higgins appealed to the court of appeals; that on such appeal the defendants executed an undertaking by which they jointly and severally undertook that Higgins would pay all costs and damages which might be awarded against him if said order should be affirmed, or the appeal dismissed, together with all costs and damage which might be awarded against the appellant, not exceeding $500; that subsequently the said order of the general term so appealed from was affirmed by the court of appeals, with costs, and that the costs of the said proceedings in the court of appeals were duly taxed and adjusted at $104.07; that by section 66 of the consolidation act (chapter 410, Laws 1882) it was provided that "at all the times hereinafter mentioned Hugh J. Grant was mayor of the city of New York, William H. Clark was

counsel to the corporation of said city, and Thomas F. Gilroy was the commissioner of public works of said city, and that all of said persons were paid a salary for their services from the city treasury"; and by section 56 that "no officer or person who is paid a salary for his services from the city treasury, and who entered upon his office since May 28, 1880, or shall hereafter enter upon his office, shall receive to or for his own use any fees, costs, * * * or money paid to him in his official capacity; but all fees, costs * * * and money so paid or received by any officer or person shall be the property of the city, and shall be paid by him into the city treasury"; and that by virtue of this statute the title to the costs awarded to Hugh J. Grant, mayor of the city of New York, William H. Clark, counsel to the corporation, and Thomas F. Gilroy, commissioner of public works, in the certiorari proceeding before referred to, became vested in, and became the property of, these plaintiffs. The undertaking of the defendants was that they jointly and severally undertook that the appellant would pay the costs and damages which might be awarded against him if said order should be affirmed. These costs were awarded against the appellant in the certiorari proceeding, and the defendants became bound to pay them. By virtue of the statute, the costs awarded in favor of these public officers whose proceedings were sought to be reviewed by the writ of certiorari became the property of the city, and thus, by virtue of the statute, the city became entitled to such costs, and was the proper plaintiff in an action to enforce any obligation to pay such costs. As section 449 of the Code of Civil Procedure provides that the action must be brought in the name of the real party in interest, and as the plaintiff was the owner of the costs, and entitled to receive them, the plaintiff was the real party in interest, and entitled to bring an action to enforce an obligation to pay them. Southerland v. Carr, 85 N. Y. 105; Board v. Quick, 99 N. Y. 138, 1 N. E. 533.

The respondents in the certiorari proceedings were not necessary parties to this action, as the costs became, by the act before referred to, the property of the plaintiffs, and such respondents had no personal interest therein.

The judgment appealed from is therefore affirmed, with costs. All concur.